UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| NATHAN F. AUSTIN, Individually and on Behalf of a Class of All Other Arkansans Similarly Situated, | § § § § | |
| Plaintiff, | § § | 4:12-CV-338-JMM |
| v. | § § | |
| ALLSTATE LIFE INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## AGREED PROTECTIVE AND CONFIDENTIALITY ORDER

The Court, being advised that Plaintiff Nathan Austin and Defendant Allstate Life Insurance Company, hereinafter referred to individually and collectively as "Party" or "Parties," stipulate and agree to the entry of this Order, and agree that the production of certain documents, answers to discovery, testimony, expert reports, and other evidence in this litigation may contain private, proprietary and/or confidential business information, the public disclosure of which may cause serious harm to the producing party or violate the rights of third parties, finds that the protective order set forth below should be entered by the Court to restrict the disclosure of such information. It is therefore ordered that:

1.  A Party may designate as "Confidential" any testimony, documents, discovery responses, records or tangible things served or produced by that Party in response to discovery demands, court filings, or subpoenas, which the Party so designating in good faith asserts contain, reflect, refer to, disclose, or constitutes any trade secret or confidential, financial, business, client, personal or proprietary

information. A Party may designate materials as "Confidential – Attorneys' Eyes Only" which contain Confidential Information of a highly sensitive nature, including, but not limited to, personal information of third parties. Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall collectively be referred to herein as "Confidential Information". In order to designate documents, records, or tangible things as Confidential Information, the producing Party shall stamp each page of such material as "Confidential" or "Confidential – Attorneys' Eyes Only."

2. The Parties shall not disclose or use any Confidential Information other than in accordance with the terms and conditions of this Protective Order.

3. Confidential Information shall not be used for any purpose other than the conduct of this Action. No one shall be permitted access to Confidential Information except for the prosecution, defense, or appeal of this Action, except that a Parties may use their own Confidential Information for any purpose.

4. Information designated "Confidential" may be disclosed only to those persons set out in (a) – (f) below, and information designated "Confidential – Attorneys' Eyes Only" may be disclosed only to the persons set out in (a), (b), and (d) below:

    (a) The receiving Party's counsel of record and counsel's employees to whom it is necessary that such information be shown for purposes of conducting the Action;

    (b) Experts and consultants retained by counsel for the receiving Party for the conduct of the Action so long as such expert or consultant agrees in writing, on the form attached hereto as Exhibit "A," to be bound by this Order;

    (c) The receiving Party and the receiving Party's officers, directors, shareholders, partners, employees, agents, and representatives, who

        actually assist counsel for the receiving Party in the conduct of the Action;

(d)     The Court (including Court personnel and jurors), in accordance with the provisions of paragraph 6 of this Protective Order;

(e)     Deposition notaries and staff; and

(f)     Deponents at their depositions.

5.     To the extent Confidential Information includes information regarding, or could be used to obtain information regarding, a class member's address, telephone number, or other identifying information, such confidential information will not be used to directly or indirectly contact the individual, except with the explicit approval of the Court. The Parties agree that class members will only be contacted regarding this case with the explicit approval of the Court, however, Allstate Life Insurance Company may continue to communicate with class members in the ordinary course of business regarding their policies.

6.     Confidential Information may be filed with the Court only under seal as follows: the designated documents or materials shall be placed in a sealed envelope or other appropriately sealed container on which shall be stated (i) the name and caption of the Action; (ii) the name of the Party filing the sealed envelope or the container; and, (iii) a statement substantially in the following form:

> This envelope (or container) is sealed pursuant to a Protective Order, and is not to be opened nor the contents thereof displayed or revealed to anyone other than counsel of record in this action or employees and agents of the Court, except pursuant to stipulation of the producing Party or order of the Court.

**AGREED PROTECTIVE AND CONFIDENTIALITY ORDER – Page 3**

Any courtesy copy of Confidential Information delivered to any judge or magistrate, or agent thereof in the Action, also shall be sealed in accordance with the provisions of this paragraph.

7. Confidential Information may be designated in deposition proceedings in the Action as follows:

(a) If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that Party shall, during the deposition or within ten (10) business days after the deposition transcript is received by the Party, designate in writing to opposing counsel the portions of the deposition and/or deposition exhibits with respect to which confidentiality is asserted; and/or

(b) The Party asserting confidentiality shall provide copies stamped "Confidential" of the portions of the transcript and any exhibits designated as confidential to the opposing Party within twenty (20) days of designation.

8. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal privilege or protection of a Party or person with respect to any Confidential Information. The fact that any materials are designated "Confidential" pursuant to this Protective Order shall not affect or operate as a means of objection to the admissibility of any such material. The fact that materials are designated as "Confidential" pursuant to this Protective Order shall not affect what a trier of fact in the Action or any other proceeding may find to be confidential or proprietary.

9. A party may challenge the other party's designation of materials as confidential by notifying the Party in writing of the specific materials to which challenge is made. The designating Party will then have twenty (20) days after receipt of such notice to seek protection from the Court for any challenged materials. If protection is not sought in twenty (20) days, the materials challenged shall cease to be governed by the terms of this Order and shall not longer be considered Confidential Information. However, if protection is timely sought, absent a court order or written agreement of the Parties hereto to the contrary, no Party may disclose or use any Confidential Information obtained from another Party through discovery in this Action other than in accordance with this Protective Order.

10. Other than as provided in Paragraph 9, neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim or defense by a Party in this Action.

11. Other than is specifically provided herein, this Protective Order does not expand or limit the scope of discovery or the rights and the obligations of any Party with respect thereto in the Action or any other proceeding.

12. Nothing in this Protective Order shall preclude any Party from seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials.

13. Within sixty (60) days after final termination of this Action, counsel for a Party who has received Confidential Information from another Party will return all such

Confidential Information in its possession, custody, or control, and all portions, summaries, abstracts, indices or copies thereof (except to the extent that any of the foregoing includes or reflects such counsel's work product which can be maintained subject to the terms of this order) to counsel for the Party who provided them, or will certify in writing to counsel for the Party who provided them that all of such Confidential Information has been destroyed.

14.     This Protective Order may be amended or modified only by written stipulation of the Parties or by order of the Court.

Signed this __21st__ day of __August__, 2012.

_____
United States District Judge

**AGREED**:

| | |
|---|---|
| STREET LAW FIRM, P.A. | FIGARI & DAVENPORT, LLP |
| By: /s/ James A. Street | By: Andrew G. Jubinsky |
| James A. Street | Andrew G. Jubinsky |
| State Bar No. 2007092 | Texas Bar No. 11043000 |
| Alex G. Street | Timothy A. Daniels |
| State Bar No. 65038 | Texas Bar No. 05375190 |
| | |
| 107 West Main | 3400 Bank of America Plaza |
| Russellville, AR 72801 | 901 Main Street |
| (479) 968-2030 | Dallas, Texas 75202 |
| (479) 968-6253 (FAX) | (214) 939-2000 |
| | (214) 939-2090 (FAX) |
| | |
| William Riley | Stuart P. Miller |
| Joseph Williams | MITCHELL, WILLIAMS, SELIG, |
| PRICE WAICUKAUSKI & RILEY, LLC | GATES, & WOODYARD, P.L.L.C. |
| Hammond Block Building | 425 West Capitol Avenue |
| 301 Massachusetts Avenue | Suite 1800 |
| Indianapolis, IN 46204 | Little Rock, Arkansas 72201 |
| (317) 633-8787 | (501) 688-8896 |
| (317) 633-8798 (FAX) | (501) 918-7896 (FAX) |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |